[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff wife, 34, whose birth name is Munoz, and the defendant husband, married on November 18, 1991 in Greenwich, Connecticut. There are two children of the marriage, Jazmanny born February 11, 1992 and George born January 8, 1997. They both reside with their mother. By motion #102 child support of $220 weekly was ordered on May 12, 1999. On December 12, 1998 the parties experienced their final separation and have lived apart since then.
By order entered on August 20, 1999 the court found an arrearage of $1,600 to be paid at $40 per week. Thereafter the defendant paid $260 for the month of September and for two weeks of October. He had not paid anything since.
The plaintiff pays the Greenwich YWCA $100 weekly for child support care for George. The older child is in the after school program Rainbow Express run by the YWCA costing $85 per month. The court finds these expenses to be reasonable and necessary. CT Page 2411
The defendant is employed by Stanton TV, Elmsford, N.Y. and, according to the plaintiff, has been there for 8 years as a driver, starting at $500 weekly net and was bringing home $800 net when the parties separated.
The plaintiff testified to physical abuse of her by the defendant during the marriage.
December 24, 1998 plaintiff and the children came to Port Chester, N.Y. from Puerto Rico. The plaintiff moved to Puerto Rico on February 9, 1997, giving up her residence in Greenwich. She lived with the defendant's family for 2 months and then into her own apartment. Upon returning to Port Chester with only the older child the plaintiff and defendant resumed living together as husband and wife for six months until the defendant left for Puerto Rico in July, 1998 with the older child. The plaintiff took a "live in" nanny position in Purchase, N.Y. where she stayed for six months. She then went to Puerto Rico on December 18, 1998 and brought the children back with her, and she took her current apartment in January, 1999.
The plaintiff has the unlimited use of a 1999 Dodge Durango owned, insured and maintained by employer, except for gasoline consumed. The court accepts the plaintiffs value of $167 weekly as the additional income.
The defendant caused the pregnancy of another woman who gave birth on October 1, 1998. The defendant sends $25 weekly for the child's support.
The defendant testifies that there were many arguments but no physical abuse.
The defendant works 5 weekdays and 1/2 day on Saturday. The defendant's driver's license is currently suspended for failure to pay moving violations. He is currently working as a driver's helper.
The Greenwich YWCA has a visitation program that both parents are willing to use for the Defendant's visitation with his children.
Having reviewed the evidence in light of the statutory criteria and relevant case law, the court enters the following decree: CT Page 2412
1. Judgment is entered dissolving the marriage on the ground of irretrievable breakdown. The plaintiff may resume her birth name if she wishes.
2. Pursuant to written stipulation of the parties sole custody of the children is awarded to the plaintiff. The defendant is awarded reasonable visitation to be arranged through the Greenwich YWCA program. The parties shall divide the cost equally.
3. The defendant shall pay to the plaintiff as child support the total weekly sum of $199., consisting of $135 current support, child care contribution of $37 and an arrearage payment of $27. A wage withholding order is entered. The guidelines schedule is attached for reference..
4. The plaintiff is awarded $1 per year periodic alimony for a period of 8 years, nonmodifiable as to term in all events, unless sooner terminated by plaintiffs remarriage, death of either party or pursuant to § 46a-86.
5. The court makes no award regarding the conflicting claims concerning the household furniture shipped to Puerto Rico. The parties shall retain such tangible property as each now possesses.
6. The parties shall each attend the parenting course. Fees are waived for both.
7. An arrearage of $3,960 is found due and unpaid as a result of the pendente lite order, to be repaid at the rate of $27 weekly as provided by the child support guidelines attached.
The attorney for the plaintiff shall prepare the judgment file.
Harrigan, J.
CCSG-1 NEW 8-99 STATE OF CONNECTICUT
sym.
C.G.S. § 46b-215a COMMISSION FOR CHILD SUPPORT GUIDELINES
 WORKSHEET for the Connecticut Child Support and Arrearage Guidelines
MOTHER FATHER CUSTODIAN
CT Page 2413
ELIZABETH CARDONA JORGE CARDONA MOTHER FATHER OTHER
COURT D.N./CASE NO. NUMBER OF CHILDREN
STAMFORD/NORWALK J.D. FA-99-0171919-5 2
 CHILD'S NAME DATE OF BIRTH CHILD'S NAME DATE OF BIRTH
JAZMANNY 2/11/92
GEORGE 1/8/97
 I. NET INCOME (Weekly amounts) MOTHER FATHER
 1. Gross income (attach verification) $ 567 $ 450
 2. Federal income tax (based on all allowable exemptions, deductions and credits) $ $
 3. State and local income tax (based on all allowable exemptions, deductions and credits) $ $
 4. Social security tax or mandatory retirement $ $
 5. Medicare tax $ $
 6. Medical, hospital, dental, or health insurance premium payments (for other than child) $ $
 7. Mandatory union dues or fees $ $
 8. Non-arrearage payments on court-ordered alimony and child support awards (for other $ $
 than child)
 9. Imputed support obligation for qualified child
 (Current support for all children/total number of children × number of qualified $ $
 children)
10. Sum of lines 2-9 $ $
11. Net income (line 1 minus line 10) $ 567 $ 450
 II. CURRENT SUPPORT
12. Combined net weekly income (rounded to nearest $10) $ 1020
13. Basic child support obligation (from Schedule of Basic Child Support Obligations) $ 304
14. Check here if noncustodial parent is a low-income obligor and refer to instructions:
15. Child's health insurance premium $ 0 $ 0
CT Page 2414
16. Total current support obligation (line 13 minus noncustodial parent's line 15 amount $ 304
 if line 14 is checked; line 13 plus total of line 15 amounts for all other cases)
17. Each parent's decimal share of line 12 (If line 14 is checked, skip this line and
 line 19, and enter the line 16 amount in the noncustodial parent's column on line 55% 45%
 18.)
18. Each parent's share of the total current support obligation
 (line 17 times line 16 for each parent) $ 169 $ 135
19. Health insurance premium adjustment (enter line 15 amount for each parent) $ 0 $ 0
20. Social security dependency benefits adjustment $ 0 $ 0
21. Sum of lines 19 and 20 (for each parent) $ 169 $ 135
22. Presumptive current support amounts (line 18 minus line 21) $ 169 $ 135
23. Recommended current support order (noncustodial parent only)
 (If different from line 22, state applicable deviation criterion on line 47.) $ $ 135